```
                    UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF RHODE ISLAND
_____
                                    )
CHRISTOPHER SWIRIDOWSKY,            )
                                    )
          Petitioner,               )
                                    )
     v.                             )   C.A. No. 20-168 WES
                                    )
A.T. WALL, et al.                   )
                                    )
          Defendants.               )
_____)
```

## MEMORANDUM AND ORDER

Christopher Swiridowsky filed a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody ("Petition"), ECF No. 1. The State of Rhode Island filed a Motion to Dismiss, ECF No. 7, arguing that the state court remedies for three of Swiridowsky's claims have not been exhausted. As an alternative to dismissal, the State requests that this Court order Swiridowsky to file a supplementary brief specifying the facts that support his claims. Swiridowsky responded with a Motion for Stay and Abeyance, ECF No. 9, requesting that – if the claims are deemed to be unexhausted – the Court stay this case to allow him to consult with previous standby counsel and decide how to proceed.

For the reasons that follow, the Motion to Dismiss and the Motion for Stay and Abeyance are both DENIED WITHOUT

PREJUDICE. The Court orders Swiridowsky to submit a supplementary brief explaining the facts supporting each of his claims for relief.

I.  Background

In 2013, a Rhode Island Superior Court jury found Swiridowsky guilty of three counts of first degree sexual assault. Pet. 1-2. The court sentenced him to forty years in prison, with twenty-five to serve, and the balance suspended with probation. Id. at 1. The Rhode Island Supreme Court affirmed the convictions in State v. Swiridowsky, 126 A.3d 436 (R.I. 2015). Shortly thereafter, Swiridowsky filed a petition for post-conviction relief in the Rhode Island Superior Court. Pet. 3. The Superior Court denied post-conviction relief in 2018. See Swiridowsky v. State, PM-2015-5207, 2018 WL 921949, at *12 (R.I. Super. Feb. 9, 2018). On March 15, 2019, the Rhode Island Supreme Court denied Swiridowsky's petition for a writ of certiorari to review the post-conviction decision. Pet. 4. Swiridowsky next filed a motion for reconsideration of the post-conviction decision in the Rhode Island Superior Court; the motion was denied in May 2019. Pet. 4-5. Finally, he filed the instant Petition, which was docketed in this Court on April 13, 2020.

II.  Discussion

    1.  Exhaustion

A federal habeas petition filed by a state prisoner must be denied if the petitioner has not "exhausted the remedies available in the courts of the State . . . ."  28 U.S.C. § 2254(b)(1).  A claim is not exhausted if the petitioner "has the right under the law of the State to raise, by any available procedure, the question presented."  Id. § 2254(c).

The State argues that Swiridowsky has not exhausted his state court remedies for three of his claims.  Mot. to Dismiss 3.  As discussed below, the Court concludes that the first two claims (both concerning the prosecutor's statements about Swiridowsky's prior convictions during closing argument) are exhausted.  The Court cannot evaluate whether the third claim (concerning trial counsel's cross examination) has been exhausted because the claim lacks specificity.

    a.  Improper closing argument

The first claim challenged by the State is that the prosecutor's "improper and inflammatory use of the defendant[']s prior convictions in closing arguments prejudiced petitioner's proceedings."  Pet. 8.  As the State admits, Swiridowsky raised this argument in his direct appeal,

3

and the Rhode Island Supreme Court rejected the argument as waived.  See Mot. to Dismiss 4 n.2 (citing Swiridowsky, 126 A.3d at 445 n.8).  "A habeas petitioner who has defaulted his federal claims in state court meets the technical requirements for exhaustion . . . ."  Coleman v. Thompson, 501 U.S. 722, 732 (1991) (citation omitted).  Moreover, "it is not necessary for a petitioner to ask the state for collateral relief, based upon the same evidence and issues already decided by direct review."  Castille v. Peoples, 489 U.S. 346, 350 (1989) (citation and quotations omitted)).  Therefore, this claim has been exhausted.

      b.   Ineffective Assistance During Closing Argument

The State also deems unexhausted a related claim:  "Trial counsel failed to object to the government's improper and inflammatory use of his client[']s prior convictions in closing arguments, and further failed to move the court for a curative instruction to curb/dispel the substantial impact of the statements . . . ."  Mot. Dismiss 3 (quoting Pet. 9).

"[O]nce [a] federal claim has been fairly presented to the state courts, the exhaustion requirement is satisfied."  Picard v. Connor, 404 U.S. 270, 275 (1971).  Thus, the Supreme Court has repeatedly stated that "[i]t is too

4

obvious to merit extended discussion that whether the exhaustion requirement . . . has been satisfied cannot turn upon whether a state appellate court chooses to ignore in its opinion a federal constitutional claim squarely raised in petitioner's brief in the state court . . . ." Dye v. Hofbauer, 546 U.S. 1, 3 (2005) (quoting Smith v. Digmon, 434 U.S. 332, 333 (1978) (per curiam); see also Castille, 489 U.S. at 350-51.

As the State acknowledges, the instant claim – that trial counsel was ineffective for not objecting to the prosecutor's statements during closing argument regarding Swiridowsky's prior convictions – was raised in Swiridowsky's post-conviction petition in the Rhode Island Superior Court. See Mot. to Dismiss 3-4. In its denial of that petition, the Superior Court analyzed a variety of related claims, but did not specifically discuss the contested statements or trial counsel's lack of objection. See Swiridowsky, 2018 WL 921949, at *7-10.

Swiridowsky then petitioned the Rhode Island Supreme Court for certiorari to review the denial. Pet. for Issuance of Writ of Cert. to Review Decision by R.I. District Ct. ("Cert. Pet."), ECF No. 8-1. As the State concedes, the

5

petition for certiorari describes the claims made in the Superior Court post-conviction petition, including the claim at issue. See id. at 3; Mot. Dismiss 4 n.3. However, the State asserts that Swiridowsky did not mention the claim in the section titled "Reasons Certiorari Should Be Granted." Mot. Dismiss 4 n.3 (citing Cert. Pet. 7-37). The State is wrong. One of the grounds for relief identified in that section is "Failure to preserve issue of State[']s improper use of Mr. Swiridowsky's prior conviction evidence in closing argument." Cert. Pet. 33. Thus, when the Rhode Island Supreme Court summarily denied the petition for certiorari, Swiridowsky's state court remedies for this claim were exhausted. See State v. Swiridowsky, No. 2018-76-M.P. (R.I. Mar. 15, 2019) (Exhibit in Support 255, ECF No. 4); see also Dye, 546 U.S. at 3.

  c. Cross Examination

The State makes one more attempt, arguing that the following claim is unexhausted: "Trial counsel failed to properly cross-examine witnesses who testified." Mot. to Dismiss 3 (quoting Pet. 9). This claim does not name specific witnesses or explain how trial counsel's cross examination of those witnesses was ineffective. Nonetheless, if Swiridowsky

6

provides more specificity, the Court may determine that the claim has been exhausted, as Swiridowsky's state court petition raised multiple arguments regarding trial counsel's cross examination of witnesses. See, e.g., Second Am. Appl. Post-Conviction Relief 36-37 (Ex. in Supp. 83-84, ECF No. 4) ("[T]he attorney failed to properly illicit information from the [alleged victim] on cross examination."); id. at 37 (Ex. in Supp. 84, ECF No. 4) ("When counsel was p[er]forming his cross examination of Holly Marshall he missed yet another opportunity to introduce 'Tony' the drug dealer . . . ."). As discussed below, greater explanation of this claim and others is needed.[1]

    2.   Factual Bases for Claims

As an alternative to its exhaustion argument, the State contends that the petition lacks sufficient explanation of the factual basis for its claims. Mot. Dismiss 5. The State requests that this Court order Swiridowsky "to identify the facts supporting each claim that he asserts entitles him to habeas relief and to permit the State to thereafter file a supplemental motion to dismiss or responsive pleading." Id.;

---

[1] Because the Court concludes that the State has not shown that Swiridowsky's claims are unexhausted, Swiridowsky's Motion for Stay and Abeyance is moot.

7

see also Fed. R. Civ. P. 12(e) ("A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response."); Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts (providing that a petition must "state the facts supporting each ground" for relief). The Court agrees that the Petition lacks sufficient details regarding the alleged grounds for relief and concludes that supplemental briefing is necessary. See Pet. 5-10.

III. Conclusion

Petitioner Christopher Swiridowsky is ordered to submit a supplemental brief explaining the factual basis for each of his claims within 60 days. Once that supplemental brief is entered into the docket, the State will have 60 days to file another motion to dismiss or other responsive pleading containing all procedural and substantive arguments that the State wishes to advance. The State's Motion to Dismiss, ECF

No. 7, and the Petitioner's Motion for Stay and Abeyance, ECF No. 9, are DENIED WITHOUT PREJUDICE.

IT IS SO ORDERED.

/s/ WESmith
William E. Smith
District Judge
Date:  February 26, 2021

9