UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

_____
                                    )
CHRISTOPHER SWIRIDOWSKY,            )
                                    )
        Petitioner,                 )
                                    )
        v.                          )   C.A. No. 20-168 WES
                                    )
A.T. WALL and STATE OF RHODE        )
ISLAND                              )
                                    )
        Defendants.                 )
_____)

## MEMORANDUM AND ORDER

WILLIAM E. SMITH, District Judge.

This petition was brought pursuant to 28 U.S.C. § 2254 by Christopher Swiridowsky, who is currently in state custody, seeking a writ of habeas corpus. See Pet., ECF No. 1. The State of Rhode Island moves to dismiss the petition in its entirety. See ECF No. 25. For the reasons that follow, the State's Motion to Dismiss is GRANTED, and the petition is DISMISSED.

I.   Background and Travel

In 2013, a Rhode Island Superior Court jury found Swiridowsky guilty of three counts of first-degree sexual assault. Pet. 1-2. The court sentenced him to three forty-year prison terms to run concurrently, suspended with probation after twenty-five years. Id. at 1; Mem. Supp. Pet. ("Pet'r's Mem.") 1, ECF No. 23; Mem. L. Supp. Defs.' Mot. Dismiss 1-2 ("Defs.' Mem."), ECF No. 25. Swiridowsky subsequently filed a motion for new trial, which the

Superior Court denied.  See Pet 2; Pet'r's Mem. 2 n.1.  On direct appeal from the convictions and the motion for new trial, the Rhode Island Supreme Court affirmed.  State v. Swiridowsky, 126 A.3d 436, 438 (R.I. 2015).

In 2015, Swiridowsky filed a state application for post-conviction relief ("PCR") which the Superior Court denied in 2018. See Swiridowsky v. State, No. PM-2015-5207, 2018 WL 921949 (R.I. Super. Ct. Feb. 9, 2018); Pet'r's Mem. 1; Defs.' Mem. 2.  The Rhode Island Supreme Court denied his petition for a writ of certiorari to review that decision about a year later.  Pet'r's Mem. 2; Defs.' Mem. 2; Mar. 15, 2019 Order, ECF NO. 8-4.  In 2019, Swiridowsky filed a motion for reconsideration of his PCR application and motion for preservation of evidence, both of which the Superior Court denied.  Pet'r's Mem. 2.  Swiridowsky appealed to the Rhode Island Supreme Court on September 14, 2020, and his appeal was dismissed on May 27, 2021.  See Pet. Cert., ECF No. 23-7; May 27, 2021 Order, ECF No. 23-8; Pet'r's Mem 2.

On April 13, 2020, Swiridowsky petitioned this Court for a writ of habeas corpus.  Pet'r's Mem. 2.  The State moved to dismiss, arguing that Swiridowsky had not exhausted his state remedies with respect to all claims.  See Defs.' First Mot. Dismiss, ECF No. 7. This Court denied that motion without prejudice, ordered Swiridowsky to submit a supplemental brief explaining the factual basis for each claim, and permitted the State to file another

2

motion to dismiss in response. <u>See</u> Mem. & Ord. 8, ECF No. 13. Consistent with that order, Swiridowsky filed a memorandum elaborating on his claims on March 18, 2022, <u>see</u> Pet'r's Mem., and, in response, the State filed the present motion to dismiss.

II.  Discussion

Under title 28, section 2254(d) of the United States Code,

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> (1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

"As amended by [the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA")], § 2254(d) stops short of imposing a complete bar on federal-court relitigation of claims already rejected in state proceedings." <u>Harrington v. Richter</u>, 562 U.S. 86, 102 (2011).  It preserves authority of federal courts to issue the writ only "in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with" the United States Supreme Court's precedents. <u>Id.</u> "AEDPA prohibits federal habeas relief for any claim adjudicated on the

merits in state court, unless one of the exceptions listed in § 2254(d) obtains." <u>Premo v. Moore</u>, 562 U.S. 115, 121 (2011).

A state court decision is "contrary to" clearly established Federal law for purposes of § 2254(d)(1) if it applies a legal rule that contradicts established Supreme Court precedent or reaches a different result on facts materially indistinguishable from those of a controlling Supreme Court precedent. <u>Ouber v. Guarino</u>, 293 F.3d 19, 26 (1st Cir. 2002) (citing <u>Williams v. Taylor</u>, 529 U.S. 362, 405-06 (2000)). A decision involves an unreasonable application of clearly established Federal law within the meaning of § 2254(d)(1) where the state court identifies the correct legal principle but unreasonably applies that principle to the facts of the case, or where the state court unreasonably extends a legal principle to an inappropriate context or unreasonably refuses to extend that principle to an appropriate context. <u>Id.</u>

Under § 2254(d)(2), a court "may not characterize . . . state-court factual determinations as unreasonable 'merely because [it] would have reached a different conclusion in the first instance.'" <u>Brumfield v. Cain</u>, 576 U.S. 305, 313-14 (2015) (quoting <u>Wood v. Allen</u>, 558 U.S. 290, 301 (2010)). Rather, "§ 2254(d)(2) requires that [the court] accord the state trial court substantial deference. If [r]easonable minds reviewing the record might disagree about the finding in question, on habeas

review that does not suffice to supersede the trial court's . . . determination." Id. at 314 (internal quotation marks omitted).

A. Hair Evidence

Swiridowsky's first argument is that the State of Rhode Island violated Rule 16 of the Rhode Island Rules of Criminal Procedure and the Brady doctrine by failing to disclose the existence of a small piece of hair that was in its possession. Pet. 5, 10 ¶¶ 17-18. The hair was a "single short body hair, perhaps an eyelash," that was discovered inside a rape kit during the Superior Court's hearing on Swiridowsky's PCR application. Swiridowsky, 2018 WL 921949, at *5. During the hearing, a Providence Police detective opened the rape kit and found the hair and confirmed that neither the rape kit nor the package containing the hair had been opened during the trial. Id.; Pet'r's Mem. 8. In his PCR application, Swiridowsky argued that the hair could have been tested for the presence of drugs in the victim's system, which he asserted was material to the defense of consent and could have been used to impeach the victim, who testified that she did not use drugs. Swiridowsky, 2018 WL 921949, at *5-*6.

1. Rule 16

Swiridowsky claims that, by failing to disclose the existence of the hair during discovery, the State violated Rule 16 of the Rhode Island Rules of Criminal Procedure. See Pet. 5. Because the federal habeas statute, § 2254, "unambiguously provides that

a federal court may issue a writ of habeas corpus to a state prisoner 'only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States,'" this claim is unavailing because it is based solely on state law. Swarthout v. Cooke, 562 U.S. 216, 219 (2011) (quoting Wilson v. Corcoran, 562 U.S. 1, 5 (2010)); see Sanna v. Dipaolo, 265 F.3d 1, 11 (1st Cir. 2001) ("Federal habeas relief cannot be granted merely because a state court errs in its application of state law.").

### 2. Brady

Swiridowsky further contends that, by not disclosing the existence of the hair, the State failed to meet its obligation to disclose exculpatory evidence under Brady v. Maryland, 373 U.S. 83 (1963). Pet. 5. Brady sets forth "[t]he clearly established law governing the mandatory disclosure of exculpatory evidence," Junta v. Thompson, 615 F.3d 67, 74 (1st Cir. 2010), and "requires the government to produce to defendants exculpatory and impeachment evidence that is within its custody possession, or control," Lavallee v. Coplan, 374 F.3d 41, 43 (1st Cir. 2004). "To constitute a Brady violation, '[t]he evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching; that evidence must have been suppressed by the State, either whether willfully or inadvertently; and prejudice must have ensued.'" Id. (quoting Strickler v. Greene, 527 U.S. 263, 281-82 (1994)).

Here, on review of Swiridowsky's PCR application, the Superior Court concluded that Swiridowsky failed to establish prejudice resulting from the alleged Brady violation because there was no indication that testing the hair would have yielded any probative evidence.  See Swiridowsky, 2018 WL 921949, at *5.  This conclusion was not based on an unreasonable application of Brady or an unreasonable determination of the facts.  28 U.S.C. § 2254(d).  At the PCR hearing, to support his contention that the State's failure to disclose the existence of the hair resulted in prejudice, Swiridowsky presented an article explaining that forensic testing for drugs is possible utilizing only a single hair.  Swiridowsky, 2018 WL 921949 at *5.  However, as the hearing justice noted, Swiridowsky did not present an expert witness to establish the scientific certainty of the study or to be cross-examined, and the study did not indicate whether the test can show when the drugs were taken.  Id.  The State also presented rebuttal evidence -- a memorandum from a forensic toxicologist at the Rhode Island Department of Health -- which established a need for a larger sample in order to extract the desired information.  Id.

Given this evidence, the hearing justice's decision to credit the State's argument over Swiridowsky's did not rest on an unreasonable determination of the facts.  Further, although not stated in terms of Brady, the hearing justice correctly applied the doctrine, concluding that "[i]f there was not enough [hair] to

test, there was no prejudice.  Swiridowsky, 2018 WL 921949, at *6.
Therefore, because the hearing justice's decision did not rest on
an unreasonable determination of the facts or misapplication of
federal law, Swiridowsky's Brady claim cannot be sustained.

B. Denial of Motion for New Trial

Swiridowsky next argues error concerning the Superior Court's
denial of his motion for new trial and the Rhode Island Supreme
Court's affirmance of that denial, which he contends were based on
an improper credibility assessment.  Pet. 8 ¶ 2; Pet'r's Mem. 25-
26.

In ruling on a habeas petition, federal courts "must . . .
defer to the state court's fact-finding, meaning its determination
of 'basic, primary, or historical facts, such as witness
credibility and recitals of external events.'"  Moore v. Dickhaut,
842 F.3d 97, 100 (1st Cir. 2016) (quoting Sleeper v. Spencer, 510
F.3d 32, 38 (1st Cir. 2007)).  "This deference extends to factual
determinations made by a trial court and affirmed on direct
appeal."  Id.  Under 28 U.S.C. § 2254(e)(1), such factual findings
"shall be presumed to be correct" unless the petitioner "rebut[s]
the presumption of correctness by clear and convincing evidence."

Here, Swiridowsky points to a series of possible
inconsistencies in the victim's trial testimony to support his
claim that the trial justice made an improper credibility
assessment.  In particular, he suggests that the victim's testimony

at trial that her attacker did not brandish a firearm at her until she was in the vehicle conflicts with the statement in her initial report that she was forced into the vehicle at gunpoint, that her decision to remain in the vehicle while her attacker walked around to get in the driver's side did not make sense, and that it was too coincidental that Swiridowsky parked within a few houses of her apartment, suggesting that she had directed him to that location. Pet'r's Mem. 26. The Rhode Island Supreme Court concluded on appeal that that "the discrepancies in [the victim's] testimony . . . were not so grave as to lead us to conclude that the trial justice 'overlooked or misconceived material evidence' in crediting her testimony over that of defendant." Swiridowsky, 126 A.3d at 446. Swiridowsky has not presented clear and convincing evidence that the Rhode Island Supreme Court erred in upholding the trial justice's credibility determination. See Glacken v. Dickhaut, 585 F.3d 547, 552 (1st Cir. 2009) (deferring to state court's credibility determination when only evidence of error was two differing versions of events). Accordingly, Swiridowsky's claim is dismissed.

C. Prior Convictions

Swiridowsky's next three claims pertain to his three prior convictions -- a 2006 conviction for assault, a 2010 conviction for leaving the scene of an accident, and a 2010 conviction for

9

larceny –– the details of which were admitted at trial.
Swiridowsky, 126 A.3d at 441.

           1. Motion for Mistrial

First, Swiridowsky argues that the trial justice erred by
failing to render a decision on a motion for mistrial that was
based on the admission of his prior convictions. Pet. 8 ¶ 3. Just
before the start of trial, defense counsel moved to suppress all
three convictions. Swiridowsky, 126 A.3d at 441. The trial
justice initially ruled that the 2010 conviction for leaving the
scene of an accident would be suppressed and the other two
convictions would be admitted. Id.; Pet'r's Mem. 12. He quickly
reversed course, however, and stated that all three convictions
would be suppressed for the purposes of voir dire but reserved his
right to reconsider later in the trial. Swiridowsky, 126 A.3d at
441.; Pet'r's Mem. 13. In his opening statement, defense counsel
told the jury that Swiridowsky would testify. Swiridowsky, 2018
WL 921949, at *6. After the opening argument and before
Swiridowsky testified, however, the trial justice reversed his
ruling on the admissibility of the prior convictions, deeming them
proper impeachment evidence. Swiridowsky, 126 A.3d at 441; Pet'r's
Mem. 13. Defense counsel moved for a mistrial, arguing that the
changed ruling unfairly prejudiced Swiridowsky's ability to
testify. Pet'r's Mem. 13. The trial justice deferred ruling on
the motion to "see how this develops." Id. Without securing a

final ruling, defense counsel called Swiridowsky to the witness stand and questioned him about the prior convictions, including the underlying facts of each, on direct examination.   Id.   The State also cross-examined Swiridowsky about each conviction.   Id.

As a preliminary matter, the State argues that Swiridowsky has not exhausted his state remedies as to this claim.   Defs.' Mem. 16.   "[O]nce [a] federal claim has been fairly presented to the state courts, the exhaustion requirement is satisfied."   Picard v. Connor, 404 U.S. 270, 275 (1971).

It is undisputed that Swiridowsky raised the instant claim in his PCR application and that it was rejected by the Superior Court. Swiridowsky, 2018 WL 921949, at *10-11.   The State argues, however, that Swiridwosky failed to include the claim in his petition for a writ of certiorari to the Rhode Island Supreme Court.   Defs.' Mem. 16.   The State is incorrect.   In a section titled "Reasons Certiorari Should be Granted," under the subheading "Testimony," Swiridowsky summarized claims related to his testimony, including the trial justice's "own error in failing to rule on the directly related mistrial motion at trial."   Cert. Pet. 19, ECF No. 8-1. Thus, when the Rhode Island Supreme Court summarily denied the

petition for certiorari, Swiridowsky's state court remedies for this claim were exhausted.[1]  See Mar. 15, 2019 Order.

On the merits, the Superior Court concluded that Swiridowsky failed to establish that he was prejudiced by the trial justice's failure to rule on the motion.  Swiridowsky, 2018 WL 921949, at *11.  The hearing justice noted that the "delay in finalizing the ruling on the admission of some evidence of prior crimes was not misleading to the defense as the [c]ourt had warned that it may reconsider the issue."  Id.  In addition, the trial justice had indicated that he was "inclined to deny" the motion and gave a contemporaneous limiting instruction to the jury.  Id.

Swiridowsky has not pointed to any clearly established federal law implicated by the trial justice's failure to rule on the motion, let alone one to which the decision was contrary.  See 28 U.S.C. § 2254(d).  In addition, relying on the above-mentioned factors, the Superior Court's conclusion that Swiridowsky failed to demonstrate prejudice as a result of the trial justice's failure to rule on the motion for mistrial was not based on an unreasonable application of the facts.  See id.  Therefore, this claim is dismissed.

---

[1] This reasoning is also applicable to the State's claim that Swiridowsky failed to exhaust his state remedies as to his motion to withdraw claim, discussed infra.

2. Impeachment

Swiridowsky next argues that it was error for the trial justice to allow the government to impeach him with his prior assault conviction.[2]   Pet. 8 ¶ 1.   On direct appeal, the Rhode Island Supreme Court concluded that, under Rule 609 of the Rhode Island Rules of Evidence, which "provides that the prior conviction need not involve dishonesty, false statement, or a felony to be admissible [for impeachment purposes]," the trial justice did not abuse his discretion in admitting the assault conviction. Swiridowsky, 126 A.3d at 443.  Because this conclusion is based on state law, Swiridowsky's claim must be dismissed.   See Lyons v. Brady, 666 F.3d 51, 55 (1st Cir. 2012) ) ("To be sure, '[i]t is a fundamental principle of the law of federal habeas corpus in non-death penalty cases that no habeas claim is stated as to state court criminal convictions unless the alleged errors are violations of the Constitution, laws, or treaties of the United States.'" (quoting Kater v. Maloney, 459 F.3d 56, 61 (1st Cir. 2006)), cert. denied, 568 U.S. 1212 (2013).

---

[2] Contrary to the State's assertion, see Defs.' Mot. 12, Swiridowsky's petition challenges only the admission of the assault conviction for impeachment purposes, not his additional convictions for leaving the scene of an accident and larceny.  See Pet. 8 ¶ 1.  Thus, the State's argument that this claim should be dismissed because Swiridowsky failed to exhaust his state remedies with respect to the two other convictions is without merit.

### 3. Closing Argument

Finally, Swiridowsky argues that the government's improper and inflammatory use of his prior convictions in closing argument prejudiced the proceedings.  Pet. 8 ¶ 5.  The prosecutor told the jury to:

> [t]reat [Swiridowsky] like any other witness who has been to jail for banging a man's head into a urinal. Treat him like any other witness who steals from his boss.  Treat him like any other witness who impales a man in the windshield of his car and drives away with him stuck in the windshield, abandons the man by running away from the scene, and then attempts to get his girlfriend to lie for him.  He pled to all those offenses.  For some reason he wants some credit for doing it.  He didn't plead to those charges because he's a God-fearing, upstanding gentleman.  He pled to them because he was caught red-handed.  He was caught with a man in his windshield, and his girlfriend won't lie for him.  That's why he pled.  His credibility on any issue, anything he testified to, his credibility should be judged in light of all of that.

Pet'r's Mem. 15.

Although Swiridowsky raised this issue during argument on his PCR application, see Swiridowsky, 2018 WL 921949 at *10 ("Adding insult to injury, the facts behind those convictions were brazenly used by [the prosecutor] without regard to your Honor's ruling on the matter during his closing." (quoting Petitioner's final argument)), the Superior Court did not directly address the merits of this claim; instead, it conflated the claim with Swiridowsky's argument that defense counsel should not have reviewed the details

14

of his prior convictions on direct examination.  See id. at *9-10.

Despite the lack of explanation from the Superior Court on this claim, "determining whether a state court's decision resulted from an unreasonable legal or factual conclusion does not require that there be an opinion from the state court explaining [its] reasoning." Harrington, 562 U.S. at 98.  Instead, "[w]here a state court's decision is unaccompanied by an explanation, the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief." Id.  Here, Swiridowsky does not identify any clearly established federal law that was violated by the Superior Court's decision to deny his claim on this issue, and neither does he allege that the Superior Court's decision rested on an unreasonable determination of the facts.  Therefore, this claim is dismissed.

D. Ineffective Assistance of Counsel

Swiridowsky's remaining claims each allege that his trial counsel was ineffective.  The benchmark for judging a claim of ineffective assistance of counsel is "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Strickland v. Washington, 466 U.S. 668, 686 (1984).  First, a defendant must show that his counsel's performance was constitutionally deficient, meaning that "in light of all the

circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance" under the Sixth Amendment. Id. at 690. Second, a defendant must show that counsel's deficient performance caused him prejudice, meaning that "counsel's errors were so serious as to deprive [him] of a fair trial, a trial whose result [was] reliable." Id. at 687.

A showing of prejudice requires a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. To succeed on this prong, it is not enough for a petitioner to show merely "that the errors had some conceivable effect on the outcome." Rivera v. Thompson, 879 F.3d 7, 12 (1st Cir. 2018) (quoting Gonzalez-Soberal v. United States, 244 F.3d 273, 278 (1st Cir. 2001)). However, a petitioner "is also not required to prove that the errors were more likely than not to have affected the verdict." Id. (quoting Gonzalez-Soberal, 244 F.3d at 278)). Instead, a reasonable probability that the errors affected the outcome "is one sufficient to undermine confidence." Id.(quoting Gonzalez-Soberal, 244 F.3d at 278)). In sum, the prejudice inquiry is focused on "the fundamental fairness of the proceeding." Id. (quoting Strickland, 466 U.S. at 696.

The role of this Court is limited to deciding whether the state court's application of the Strickland standard was "contrary to, or involved an unreasonable application of, clearly

established Federal law, as determined by the Supreme Court," 28 U.S.C. § 2254(d)(1), or was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," id. § 2254(d)(2). This is not the same question as whether counsel's performance fell below the Strickland standard. See Harrington, 562 U.S. at 101 ("The pivotal question is whether the state court's application of the Strickland standard was unreasonable. This is different from asking whether defense counsel's performance fell below Strickland's standard.").

### 1. Motion to Withdraw

Swiridowsky argues that the trial justice erred by failing to allow trial counsel's motion to withdraw on the eve of trial, and that his clearly established rights under Strickland were violated when the hearing justice upheld that decision on his PCR application. Pet. 8 ¶ 4, 10 ¶ 16; Pet'r's Mem. 5-7. Although Swiridowsky was initially deemed indigent and found eligible for the services of the Office of the Public Defender, his then-girlfriend hired a private attorney to represent him in advance of trial. Pet'r's Mem. 5. In June 2013, shortly before the start of trial, that attorney filed a motion to withdraw as counsel, citing Swiridowsky's failure to pay the fee that his girlfriend had agreed to. Id. at 6. The trial justice denied the motion and rejected Swiridowsky's suggestion that his private attorney be appointed by the court to continue representation, explaining that "it simply

17

does not seem fair and appropriate." Id. Because Swiridowsky was unable to pay the fee, his counsel did not utilize any experts or investigators in his representation. Id.

At the PCR hearing, Swiridowsky presented evidence that a private investigator, who he hired after the trial, uncovered in the intervening time. The investigator located several new witnesses, including two who knew the victim and could have testified to whether she had been drinking on the night of the crime, her prior sexual activity, and her history of drug use. Swiridowsky, 2018 WL 921949, at *4. In its decision on the PCR application, the court noted that, even had these witnesses testified at trial, most of their testimony would have been immaterial to the issues in the case; establishing that the victim had been drinking earlier in the night has "no probative value" to the rape, her prior sexual activity would likely have been inadmissible given Rhode Island's Rape Shield Law, and testimony concerning her past drug use would not have been probative because that witness did not see the victim on the night in question. Id. Thus, the court was "not convinced that counsel's failure to call these witnesses was deficient conduct and, it [was] unconvinced that the failure to seek these witnesses out would have changed the result of the trial." Id.

The Superior Court's decision amounts to a determination that Swiridowsky's claim failed on the second prong of Strickland

18

because he did not demonstrate a "reasonable probability that, but for" counsel's failure to hire an investigator to track down these witnesses for trial, "the result of the proceeding would have been different." Strickland, 466 U.S. at 694.  Given the court's analysis that these witnesses were unlikely to provide probative testimony, that conclusion is not unreasonable, and thus the decision was not in violation of Swiridowsky's rights under Strickland.   See  id.;  28  U.S.C.  § 2254(d).   Therefore, Swiridowsky's claim concerning the motion to withdraw is dismissed.[3]

## 2. Constitutional Right to Testify

Swiridowsky next contends that trial counsel interfered with his constitutional right to testify in his own defense by promising, in his opening statement, before the trial justice had rendered a final ruling on the admissibility of the prior convictions, that Swiridowsky would testify.  Pet. 8 ¶ 6.  The

---

[3] See supra at note 1 and accompanying text for discussion of the State's argument that Swiridowsky has failed to exhaust his remedies in state court as to this claim.  In his application for a writ of certiorari to the Rhode Island Supreme Court in the section titled "Reasons Certiorari Should Be Granted," Swiridowsky explained that "trial counsel's motion to withdraw for non-payment surely put the court on notice of Mr. Swiridowsky's inability to compensate his attorney, or afford specialized services.  The trial justice's ruling with respect to this issue interfered with Mr. Swiridowsky's 6th Amendment right to counsel, and his 14th Amendment right to due process of law."  Cert. Pet. 18.  Thus, Swiridowsky did not fail to exhaust his state remedies as to this claim.

Superior Court rejected this claim, reasoning that trial counsel's statement "was not a promise to testify" but rather "was an indication that Mr. Swiridowsky wanted to tell his story," that the jury was repeatedly instructed that Swiridowsky was not obligated to testify and did not have the burden of proof, and that trial counsel actually advised Swiridowsky not to testify but he chose to do so anyway, and thus Swiridowsky was not prejudiced by counsel's opening statement. Swiridowsky, 2018 WL 921949 at *6-7.

Some courts have concluded that a defense counsel's failure to call a defendant (or another witness) to testify after promising to do so during opening argument deprives the defendant of effective assistance of counsel. See, e.g., Ouber, 293 F.3d at 25 ("When a jury is promised that it will hear the defendant's story from the defendant's own lips, and the defendant then reneges, . . . [a] broken promise of this magnitude taints both the lawyer who vouchsafed it and the client on whose behalf it was made."); see also Williams v. Woodford, 859 F. Supp. 2d 1154, 1171 (E.D. Cal. 2012). Although there is an argument to be made that the logic of these cases could and should extend to a situation where, as here, a defendant felt compelled to testify as a result of counsel's promise to the jury that he would do so, Defendant has not pointed to, and the Court has not identified, any authority extending the principle to this set of facts. Thus, it cannot be

said that the Superior Court's decision was in violation of clearly established Federal law, and Swiridowsky's claim is dismissed. See 28 U.S.C. § 2254(d).

### 3. Pursuit of Evidence

Swiridowsky's next arguments concern his trial counsel's failure to pursue certain evidence before trial.  He argues that trial counsel failed to investigate hair, fiber, and debris evidence that could have been used to impeach the victim's testimony concerning her drug use, that counsel failed to investigate statements taken by investigators and potentially exculpatory information provided by additional witnesses, and that trial counsel failed to pursue exculpatory witness testimony that came to light during the proceedings.  Pet. 8-9 ¶¶ 7-9.

Regarding his claims of additional witnesses and exculpatory witness testimony, Swiridowsky identifies the same witnesses for this claim as for his motion to withdraw claim.  See Pet'r's Mem. 19-20.  As discussed supra, Swiridowsky cannot sustain an ineffective assistance of counsel claim regarding the testimony of these witnesses because their testimony was unlikely to be probative.

Swiridowsky's argument regarding the hair, fiber, and debris evidence centers around the rape kit that was first opened during the PCR hearing, discussed supra.  A document generated by the Department of Health, which was known to trial counsel at the time

of the trial, stated that "[h]airs, fibers and/or debris were observed. These items were included in the kit but were not tested, the control swabs and the pubic combings." Pet'r's Mem. 11. The hearing justice ruled that Swiridowsky "did not establish any actual prejudice resulting from any such breach of duty [to check the rape kit], if there was a duty," because there was not enough hair to test, and thus the ineffective assistance claim failed on the second prong of Strickland. Swiridowsky, 2018 WL 921949, at *6.

Here, the Superior Court's application of the Strickland standard was reasonable. Based on the evidence presented at the hearing,[4] Swiridowsky did not establish a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. It was not unreasonable for the hearing justice to conclude that there was not enough hair to test and thus the failure to test did not prejudice Swiridowsky. Therefore, because

---

[4] As discussed supra in the context of Swiridowsky's Brady claim, Swiridowsky presented as evidence at the PCR hearing an article explaining that forensic testing for drugs is possible utilizing only a single hair. Swiridowsky, 2018 WL 921949, at *5. However, he did not present an expert witness to establish the scientific certainty of the study or to be cross-examined, and the study did not indicate whether the test can show when the drugs were taken. Id. The State presented rebuttal evidence -- a memorandum from a forensic toxicologist at the Rhode Island Department of Health -- which established a need for a larger sample. Id.

Swiridowsky cannot satisfy the second prong of Strickland, this claim is dismissed.

### 4. Photographic Evidence

Next, Swiridowsky argues that trial counsel failed to address issues with photographs of the victim's bruises, failed to mitigate the government's use of those photographic images, and failed to investigate the victim's injuries that occurred during the incident. Pet. 9 ¶ 10. In his PCR application, Swiridowsky argued that trial counsel should have retained an expert to analyze the photographs of the victim's bruises and testify about the age of the bruises based on the photographs. Swiridowsky, 2018 WL 921949, at *2. Swiridowsky offered an article as evidence, but the state court pointed out that several statements in the article undermined his claim.[5] Id. Thus, the court denied the claim, reasoning that Swiridowsky failed to establish that anyone could have rendered an opinion on the age of the bruises based on the photographs and therefore was not prejudiced by trial counsel's failure to retain an expert. Id. at *3. Based on the lack of convincing evidence that the age of the bruises could be determined from the

---

[5] These statements include that visual assessment of the age of a bruise "is a highly inaccurate method and should therefore not be relied upon in court," and that "studies have confirmed the unreliability of expert visual assessment of bruise age." Swiridowsky, 2018 WL 921949, at *2 (quoting Sophie E. Grossman, A. Johnston, P. Vanezis, and D. Perrett, Can We Assess the Age of Bruises? An Attempt to Develop an Objective Technique, Med., Sci. & the L. 170-176 (2011)).

photographs, the Superior Court did not err in this conclusion. Therefore, because Swiridowsky cannot establish prejudice, his claim fails on the second prong of Strickland and must be dismissed.

### 5. Time Spent with Client

Swiridowsky next challenges trial counsel's pretrial preparation, in particular his failure to spend any significant time with Swiridowsky to prepare for trial. Pet. 9 ¶ 11. The Superior Court dismissed this claim on Swiridowsky's PCR application, resting on Swiridowsky's statement days before trial that he continued to "have a lot of faith" in his attorney, which the court took to mean that he appreciated counsel's effort and work on his case. Swiridowsky, 2018 WL 921949, at *5. Swiridowsky has not identified any facts to support his assertion that counsel did not spend enough time with him, let alone facts that the Superior Court unreasonably applied, nor has he identified a federal law that the Superior Court's decision clearly violated. See 28 U.S.C. § 2254(d). Therefore, this claim is dismissed.

### 6. Failure to Object to Closing Argument

Swiridowsky next argues that trial counsel's failure to object to the government's use of his prior convictions in closing argument and failure to ask for a curative instruction to dispel the impact of the statements on the jury amounts to ineffective assistance of counsel. Pet. 9 ¶ 12. As discussed supra, the Rhode

Island Supreme Court concluded on direct appeal that the admission of Swiridowsky's prior convictions was not unduly prejudicial. Swiridowsky, 126 A.3d at 445.    The Superior Court likewise concluded that Swiridowsky was not unduly prejudiced by the admission of the facts underlying his convictions.   Swiridowsky, 2018 WL 921949, at *10.   As discussed above, these conclusions were not in violation of clearly established federal law and did not rest on an unreasonable determination of the facts.  28 U.S.C. § 2254(d).    Thus, because Swiridowsky cannot demonstrate prejudice, as required by Strickland, his ineffective assistance of counsel claim on this issue fails.

### 7. Failure to Preserve Issues for Review

Swiridowsky argues that his trial counsel was ineffective by failing to preserve issues for appellate review.  Pet. 9 ¶ 14. Specifically, he identifies trial counsel's failure to press the trial court for a decision on his mistrial motion.[6]  Pet'r's Mem. 25 (noting appellate counsel's PCR hearing testimony "that the failure to press the motion for mistrial was a critical issue that she was unable to present on appeal").   The Superior Court concluded on Swiridowsky's PCR application that "[w]hile the failure to preserve the motion for mistrial limited the issue from

---

[6] He also identifies trial counsel's failure to object to the prosecutor's closing statement, which is discussed supra.  Pet'r's Mem. 25.

being raised on appeal, Mr. Swiridowsky failed to establish that the appeal would have been successful or that he was prejudiced." Swiridowsky, 2018 WL 921949, at *11.

Here, the Superior Court reasonably concluded that Swiridowsky failed to establish prejudice as a result of trial counsel's failure to press the motion for mistrial, as discussed supra in connection with his motion for mistrial claim. Accordingly, this claim is dismissed.

### 8. Failure to Cross-Examine Witnesses

Next, Swiridowsky argues that trial counsel failed to properly cross-examine testifying witnesses at trial. Pet. 9 ¶ 15. In its decision on Swiridowsky's PCR application, the Superior Court discussed the cross-examination of three witnesses: a nurse who testified concerning the victim's bruises, Swiridowsky, 2018 WL 921949, at *3, a police detective who testified about the photo lineup, id. at *5, and the victim herself, id. at *9. As required to sustain a claim under Strickland, Swiridowsky argues that each cross-examination prejudiced him in some way.

First, Swiridowsky argues that counsel erred in cross-examining the nurse by failing to collect any material to confront her about the victim's bruising and what the colors of the bruises indicated. Pet'r's Mem. 24. The Superior Court concluded that "[t]rial counsel effectively cross-examined the nurse on the age of the bruising (getting [her] to acknowledge that the bruises

26

appeared yellow, red and brown at trial) and reminded the jury of the issue at closing." Swiridowsky, 2018 WL 921949, at *3. The Superior Court's conclusion was reasonable, especially in light of the article Swiridowsky presented at his PCR hearing stating that that "studies have confirmed the unreliability of expert visual assessment of bruise age." Swiridowsky, 2018 WL 921949, at *2 (quoting Sophie E. Grossman, A. Johnston, P. Vanezis, and D. Perrett, Can We Assess the Age of Bruises? An Attempt to Develop an Objective Technique, Med., Sci. & the L. 170-176 (2011)).

As to the police detective, Swiridowsky takes issue with the detective's testimony in response to a question by defense counsel that the photo of Swiridowsky used in the lineup came from the Connecticut Department of Corrections because it permitted an inference of a Connecticut conviction. Id. at *5. The Superior Court reasonably concluded that, given how counsel moved quickly along, the court's repeated instructions on the presumption of innocence, and the fact that Swiridowsky's criminal history was ultimately raised in his own testimony, the cross-examination did not prejudice Swiridowsky. Id.

Finally, as to the cross-examination of the victim, Swiridowsky argues that trial counsel should have done more to establish her use of controlled substances. Pet'r's Mem. 24. The Superior Court concluded that trial counsel's decision to minimize cross-examination of the victim on the issue of prior drug use was

a reasonable because "[d]elving into controlled substances or use of alcohol may have been seen as criticism of a victim who should not be raped whether under the influence or not." Swiridowsky, 2018 WL 921949, at *9. The Superior Court's decision here, too, was reasonable. Swiridowsky's trial counsel made an appropriate tactical decision in his cross-examination of the victim. Thus, because Swiridowsky did not demonstrate that he was prejudiced by trial counsel's cross-examinations, his ineffective assistance of counsel claim on this issue fails.

### 9. Cumulative Errors by Trial Counsel

Finally, Swiridowsky asserts that the cumulative effect of undue prejudice due to trial counsel's errors warrants the reversal of his conviction. Pet. 9 ¶ 13. For the reasons stated above with reference to each individual claim, this claim too is dismissed.

## III. Conclusion

For the foregoing reasons, Defendants' Motion to Dismiss, ECF No. 25, is GRANTED, and the Petition, ECF No. 1, is DISMISSED.

### RULING ON CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Proceedings in the United States District Courts, this Court hereby finds that this case is not appropriate for the issuance of a certificate of appealability (COA) because Swiridowsky has failed

to make a substantial showing of the denial of a constitutional right as to any claim, as required by 28 U.S.C. § 2253(c)(2).

Swiridowsky is advised that any motion to reconsider this ruling will not extend the time to file a notice of appeal in this matter.  <u>See</u> Rule 11(a), Rules Governing Section 2254 Proceedings. IT IS SO ORDERED.

William E. Smith
District Judge
Date:  March 23, 2023